# THE ST. LAWRENCE WHOLESALE GROCERY COM-PANY *v.* HOWARD H. HOBSON.*

*Order of Special Term staying argument at the General Term of the Supreme Court improper.*

It is essential, to the orderly transaction of business at the General Term of the Supreme Court, that that court should retain exclusive control of its own calendar, and any application to stay the argument of a case upon the General Term calendar, or to put the case over the term, must be made to the General Term, and not at the Special Term of the Supreme Court.

ORDER made, on the attention of the General Term being called to an order which had been made at the St. Lawrence Special Term in the above-entitled action :

The order made at Special Term, after reciting the reading and filing of certain papers, upon which a motion was noticed to be heard to resettle an order made March 8, 1892, changing the place of trial in the above-entitled action from St. Lawrence to Franklin county.

*Ordered*, That the argument in the General Term, * * * upon the appeal in the above-entitled action from an order granted * * * March 8, 1892, is hereby stayed, and that said argument be and the same is hereby put over until the next term of the General Term * * * appointed to be held at Saratoga on the second Tuesday of September, 1892.

PER CURIAM :

An appeal has been taken in the above-entitled action to this court, such appeal is regularly upon the calendar, and noticed for argument at this time.

An application has been made to a Special Term at chambers, and an order granted staying the argument upon appeal, and putting the same over until the next term of this court, a copy of the order served upon the clerk of this court, and upon the attorneys for the adverse party.   Such practice cannot be tolerated.

Attorneys practicing in this court and having cases upon its calendar, if they desire to stay proceedings therein, or to defer argu-

---

* This order was made at the May Term, 1892.

ments thereon, or to have the same put over the term, must apply to the General Term, and not to single justices of the court.

It is necessary, for the orderly transaction of its business, that the court should retain exclusive control of its own calendar, and it cannot tolerate any interference therewith; and attorneys must not apply elsewhere for any relief desired by them as to the disposition of any case pending therein upon appeal; and when, by inadvertence or oversight, any judge has granted an order interfering with the argument or disposition of a case on the calendar of this court, such order will be disregarded.

The Special Term order herein referred to is hereby vacated and set aside, and the case will be disposed of when reached in its regular order upon the calendar.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Ordered that order of Special Term staying appeal be vacated and set aside.